**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2267**

PAMELA M. JONES,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Mark S. Davis, District Judge. (4:09-cv-00129-MSD-DEM)

Submitted: April 20, 2012         Decided: April 30, 2012

Before MOTZ, KING, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Pamela M. Jones, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pamela M. Jones appeals the district court's order denying her motion for reconsideration and motion for extension of time to perfect service of summons. We vacate and remand.

We review the district court's order for an abuse of discretion. L.J. v. Wilbon, 633 F.3d 297, 304 (4th Cir.), cert. denied, 132 S. Ct. 757 (2011). A district court abuses its discretion by acting arbitrarily or irrationally, failing to consider judicially recognized factors constraining its exercise of discretion, or relying on erroneous factual or legal premises. Id.

Unfortunately, the district court's recorded analysis was minimal. It stated only that it found Jones' arguments unpersuasive and unconvincing. By doing so, we are left to only guess at the factors the district court considered in reaching its decision or the weight it afforded to any individual factor. The order does give us one clue as to what the district court found determinative: it stated that Jones could have simply re-filed her complaint and properly served the Government upon the district court's dismissal rather than pursue an appeal and motion for reconsideration. Thus, lack of prejudice to Jones appears to have factored—perhaps significantly—into the district court's decision. However, Jones stated multiple times in her amended motion for reconsideration that she was precluded by the

2

Federal Tort Claims Act's six-month statute of limitations from re-filing her complaint upon the district court's dismissal. Thus, the district court's dismissal—even though it was without prejudice—effectively terminated her ability to pursue her claim. As best as we can tell, then, the district court's order relied on a faulty factual premise that caused the court to erroneously discount the prejudice to Jones in reaching its decision. See Lemoge v. United States, 587 F.3d 1188, 1195-96 (9th Cir. 2009) (holding that, in resolving a motion under Fed. R. Civ. P. 60(b)(1), a district court should consider the prejudice to the movant when the dismissal arose from noncompliance with Fed. R. Civ. P. 4(m)).

We therefore find that the district court's order denying Jones' motion was an abuse of its discretion. We vacate the district court's order and remand for fresh consideration of the matter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3